**ORIGINAL**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

F I L E D

DEC - 6 2012

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROSEANNE BALAGOT,

Defendant.

No. 12-20389

Hon. David M. Lawson

**Offense:** 18 U.S.C. § 2422(b) —
*Coercion and enticement of a minor*

**Maximum Penalty:** Not less than 10 years and
up to life in prison

**Maximum Fine: $250,000**

**Mandatory Supervised Release:** Not less than
5 years, and up to life

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant, ROSEANNE

BALAGOT, and the United States agree as follows:

**1.     GUILTY PLEA**

    **A.     Count of Conviction**

Defendant will enter a plea of guilty to **Count One** of the Indictment, which charges

coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b).

    **B.     Elements of Offense**

The elements of Count One, coercion and enticement of a minor, are:

1.  The defendant knowingly persuaded, induced, enticed, or coerced an individual less than

    18 years old to engage in sexual activity;

ORIGINAL

DEC - 3 2012

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

2. The defendant used a means or facility of interstate commerce to do so;

3. The defendant engaged in such sexual activity for which any person can be charged with a criminal offense under the laws of the State of Michigan.

C.      **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for Defendant's guilty plea:

Beginning in April 2009, Roseanne Balagot used the Internet and cellular phones to communicate with the victim, who at the time was 12 years-old. Balagot was in Maryland and the victim was in Oakland County, Michigan, Eastern District of Michigan. Balagot told the victim that she was an 18 year-old male named Jason. The victim told the defendant that she was 16 years old. The conversations between the defendant and the victim continued from April 2009 to November 2011. The defendant and the victim regularly communicated with each other by using their cell phones (text messages and phone conversations), as well as by using their computers to communicate via internet-based programs Skype and Facebook.

In the summer of 2011, the victim learned that Balagot was female. At approximately the same time, Balagot learned the victim's true age, which at that time was 14 years old. The relationship continued, and Balagot and the victim continued to communicate with their phones and computers.

On November 24, 2011, Balagot traveled from Baltimore to Detroit. Balagot rented a car and picked the victim up at her friend's house. That night, Balagot took the victim to a hotel room in Oakland County. Balagot and the victim stayed in the hotel for a total of three nights, checking out on November 27, 2011. On all three nights in the hotel room, Balagot and the

-2-

victim engaged in sexually explicit conduct, including, but not limited to, oral sex and digital penetration.

As a result of the victim's age, the sex acts that Balagot engaged in with the victim amounted to a violation of Mich. Comp. Laws § 750.520(d)(1)(a), criminal sexual conduct third degree, a felony punishable by a term of incarceration of not more than fifteen years. Balagot was charged with this crime in Oakland County, and after entering a plea of guilty, on August 14, 2012, she received a sentence of 36 months to 8 ½ years in prison.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **120-135** months, as set forth on the attached worksheets. If the Court finds:

 a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

 b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **120-135** months, the higher guideline range becomes the agreed range. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above. **At sentencing, the government will recommend a prison sentence of 120 months.**

3.    **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. However, the Court **must** impose a sentence of imprisonment on Count One of at least 10 years (120 months).

B.    **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court **must** impose a term of supervised release on Count One of no less than **5 years,** and up to life. The agreement

concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.      Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.      Fine

There is no agreement as to fines.

### E.      Restitution

The Court will determine whether restitution should be ordered and in what amount.

## 4.      ADDITIONAL CONDITIONS

### A.      SORNA/Adam Walsh Act

Defendant understands that by pleading guilty in this case, she will be required to register as a sex offender, under both federal and state registration requirements. As a condition of her release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which she resides, as well as any state where she has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that she will be required to maintain and update her registration for at least twenty years, and potentially for the rest of her life.

B.    **Padilla Waiver**

Defendant acknowledges that she is not a citizen of the United States, and that her guilty plea in this case may affect or even foreclose her eligibility to remain in this country following the imposition of sentence herein. Defendant has discussed these matters with her attorney in this case, but she expressly agrees that her decision to plead guilty is in no way conditioned upon or affected by the advice she has been given regarding any potential immigration consequences of her conviction(s). Defendant further agrees that because her decision to plead guilty in this case is wholly independent of the immigration consequences of a conviction, defendant agrees that she will not seek to challenge her guilty plea in any later proceeding via collateral attack on any basis relating to the immigration consequences of her plea.

**5.    OTHER CHARGES**

If the Court accepts this agreement, the government will dismiss all remaining charges in this case.

**6.    EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

- 6 -

7.    **WAIVER OF APPEAL**

If the sentence imposed falls within the guideline range recommended by defendant in Paragraph 2B, above, defendant waives any right to appeal her conviction. Defendant retains her right to directly appeal the Court's adverse determination of any disputed sentencing issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable.

8.    **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.    **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.   **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the

United States Attorney by **5:00 P.M. on 11/8/2012**. The government reserves the right to modify

or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney


KEVIN M. MULCAHY
CHIEF, GENERAL CRIMES UNIT
ASSISTANT UNITED STATES ATTORNEY

DATE: OCTOBER 26, 2012

SARA D. WOODWARD
ASSISTANT UNITED STATES ATTORNEY


BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT SHE HAS READ (OR BEEN READ) THIS
ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS.  SHE ALSO ACKNOWLEDGES
THAT SHE IS SATISFIED WITH HER ATTORNEY'S ADVICE AND REPRESENTATION.  DEFENDANT
AGREES THAT SHE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HER LAWYER,
AND HAS HAD ALL OF HER QUESTIONS ANSWERED BY HER LAWYER.


MIRIAM SIEFER & JILL LESLIE PRICE
ATTORNEY FOR DEFENDANT

ROSEANNE BALAGOT        11-29-12
DEFENDANT

DATE: 11/29/12

- 9 -

| Defendant: | Roseanne Balagot | Count: | One |
|---|---|---|---|
| Docket No.: | 12-20389 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| §2G1.3(a)(3) | Travel to engage in prohibited sexual conduct with a minor | 28 |
| §2G1.3(b)(2) | Knowing misrepresentation of participant's identity | +2 |
| §2G1.3(b)(3) | Use of a computer | +2 |
| §2G1.3(b)(4) | Commission of sex act | +2 |
| | | |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**34**

************************

*If this is the only Worksheet A, check this box and skip Worksheet B.*   [X]

*If the defendant has no criminal history, check this box and skip Worksheet C.*   [X]

| Defendant: | Roseanne Balagot | Count: | One |
|---|---|---|---|
| Docket No.: | 12-20389 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET D   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

> 34

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

> -3

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 31

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

> I

**5.    CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

    a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

    b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.    GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

> 108-135
> months

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.)  If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.
There is a mandatory minimum term of imprisonment of 10 years (120 months) for
violations of 18 U.S.C. § 2422(b).

> 120-135
> months

| Defendant: | Roseanne Balagot | Count: | One |
|---|---|---|---|
| Docket No.: | 12-20389 | Statute(s): | 18 U.S.C. § 2422(b) |

# WORKSHEET E   (Authorized Guideline Sentences)

**1.    PROBATION  (U.S.S.G. ch. 5, pt. B)**

        a.    <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

[X]   1.    Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]   3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

        b.    <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

[ ]   1.    At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]   2.    No more than 3 years (total offense level < 6).

        c.    <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

           The court must impose certain conditions of probation and may impose other conditions of probation.

**2.    SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[X]   a.    A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[ ]   b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.    IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

Rev. 2/10/2012

| Defendant: | Roseanne Balagot | Count: | One |
|---|---|---|---|
| Docket No.: | 12-20389 | Statute(s): | 18 U.S.C. § 2422(b) |

**(WORKSHEET E, p. 2)**

## 4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐   1.   At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☐   2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☒   4.   The statute of conviction requires a minimum term of supervised release of 60 months and up to life.

c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5.   RESTITUTION (U.S.S.G. § 5E1.1)

☒   1.   The Court will determine whether restitution should be ordered and in what amount.

☐   2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is $___ .

☐   3.   The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___ .  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐   4.   The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $___ .  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐   5.   Restitution is not applicable.

Rev. 2/10/2012

| Defendant: | Roseanne Balagot | Count: | One |
| --- | --- | --- | --- |
| Docket No.: | 12-20389 | Statute(s): | 18 U.S.C. § 2422(b) |

**(WORKSHEET E, p. 3)**

## 6. FINE (U.S.S.G. § 5E1.2)

### a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

### b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
| --- | --- |
| $15,000 | $ 150,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$  5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $100 .

## 8. FORFEITURE (U.S.S.G. § 5E1.4)

☐ Assets of the defendant will be forfeited.    ☒ Assets of the defendant will not be forfeited.

## 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

## 10. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.